OPINION
On July 24, 1998, Lesli Humphries of the Tuscarawas County Humane Society filed a complaint against appellee, Debbie Brown, charging her with ten counts of cruelty to animals in violation of R.C. 959.13. Specifically, the complaint alleged appellee "did torture at least 10 rabbits which resulted in unnecessary or unjustifiable pain or suffering and was permitted to continue when there was a reasonable remedy of relief."
A jury trial commenced on April 30, 1999. The jury found appellee guilty as charged.
On May 14, 1999, appellee filed a motion for new trial. By judgment entry filed August 11, 1999, the trial court denied said motion.
On August 23, 1999, the trial court conducted a sentencing hearing. The trial court merged the ten counts into one count. The trial court sentenced appellee to thirty days in jail, all suspended in lieu of probation for one year, and fined appellee $100 plus court costs. Said sentenced was memorialized via judgment entry filed August 31, 1999.
On September 7, 1999, appellee filed a notice of appeal. This court affirmed the convictions and sentence. See, State v. Debbie Brown (June 28, 2000), Tuscarawas App. No. 1999AP090055, unreported.
On September 14, 2000, appellee filed a motion for new trial, claiming newly discovered evidence namely, documents from the files of the Humane Society. By judgment entry filed June 7, 2001, the trial court granted said motion.
Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE APPELLEE'S SECOND MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE CONTRARY TO CRIMINAL RULE 33(A)(6) AND STATE V. PETRO.
 I
Appellant appeals the granting of a new trial and this court granted leave pursuant to App.R. 5 on August 29, 2001. Appellant challenges the trial court's decision to grant a new trial because of newly discovered evidence. Appellant claims appellee failed to establish a strong probability that the result will change. Appellant further claims the newly discovered evidence would be used merely to impeach or contradict the former evidence. We agree.
The granting of a new trial lies in the trial court's sound discretion. State v. Petro (1947), 148 Ohio St. 505. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The parties agree the proper standard for determining whether the trial court abused its discretion is governed by the Petro case wherein the Supreme Court of Ohio held the following at syllabus:
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. (State v. Lopa, 96 Ohio St. 410, 117 N.E. 319, approved and followed.)
 Petro also cautions appellate courts to review the issue of newly discovered evidence from the record as a whole.[1] Petro at 508.
As noted by appellant in its memorandum in opposition, appellee has met prongs two, three, four and five of the Petro standard. Appellant's complaints center around prongs one and six, whether the newly discovered evidence "discloses a strong probability that it will change the result if a new trial is granted" and "does not merely impeach or contradict the former evidence."
Appellee argues the newly discovered evidence would lead to a different outcome, but admits it would be used to impeach or test the credibility of appellant's main witnesses, Lesli Humphries and Dr. Theresa Heidel. See, February 21, 2001 Response of Defendant to Memorandum of State of Ohio at paragraphs 5, 6, 7, 8 and 9. Said response also contains the following statements:
 As the Court is aware, the defense in this particular case was largely predicated on attempting to attack the reliability of Dr. Heibel, (sic) together with attempting to show the jury that the complaining witness, Lesli Humphries, lied and manufactured facts to suit her prosecution of this case. If the Court recalls, the Court made specific findings that Lesli Humphries, during her investigation of this case, made false statements and was at the very least, reckless in her use of other facts.
 When the defense presented its case, a large part of its approach was based upon the fact that the injuries as described by Dr. Heibel (sic) were either not as severe as were alleged, or were caused by the actions of the agents of the State of Ohio.
 Additionally, an examination of the Exhibits withheld specifically also shows that had they been available to the defense at trial, this would have enhanced our ability to defend.
 Having this information would have allowed the defense to further its theory of the case, namely that Lesli Humphries did not know what she was doing, and that she engaged in deliberate and intentional misconduct intending to make sure that vital information was withheld and not available to be presented to the ultimate trier of fact, the jury in this case.
Appellee also argues that the information in Exhibit L would have been invaluable to the defense. Exhibit L is a handwritten report of a named but unused witness's examination of the rabbits, Dr. Jeff Baranack. Appellee claims this report is newly discovered. We find it was available via discovery. Appellant did not use this expert and therefore did not disclose his report. Accepting appellee's position in the most liberal light, such a report would be exculpatory and subject to disclosure under Crim.R. 16.
Only ten rabbits and their conditions were at issue during the trial, rabbits A-J. Approximately one hundred thirty-eight rabbits were seized in all. It has been demonstrated that the newly discovered evidence correlates to rabbits A-J. The thrust of appellee's affidavits attacked appellant's failure to disclose Ms. Humphries's notes and Dr. Baranack's report. We note the work product of the investigating officer (Ms. Humphries's notes) are not subject to Crim.R. 16 disclosure and Dr. Baranack's report as noted supra could be termed exculpatory evidence if there is some correlation between the ten rabbits and the one hundred thirty-eight noted rabbits. All the issues raised in appellee's affidavits are speculative at best and there is no demonstration of how it would have affected the outcome of the trial.
As we noted in our prior opinion, the main testimony centered on the depraved conditions the rabbits were kept in and the physical examination of the ten rabbits after seizure by the authorities. At least five of the rabbits suffered from wryneck (a bacterial disease) which if went untreated, would infect the herd. All ten rabbits were emaciated and suffered conjunctivitis or respiratory ailments.
We fail to see any correlation in the new exhibits to the ten rabbits at issue in the jury trial. During trial, appellee presented evidence concerning her care of the rabbits and expert opinions as to the severity of appellant's complaints given the fact these rabbits were raised for food.
Although we are keenly aware of the high standard imposed by an abuse of discretion decision, we nonetheless believe the trial court erred in granting a new trial. We fail to find any reasonable correlation between the exhibits and the ten rabbits. The new evidence would be used solely to impeach Ms. Humphries and Dr. Heidel. The report of Dr. Baranack was available through discovery.
The sole assignment of error is granted.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is reversed and the conviction and sentence are reinstated.
Hon. Sheila G. Farmer, J., Hon. John W. Wise, J., concur.
Hon. William B. Hoffman, P.J., dissents.
[1] We note in this court's prior opinion filed June 28, 2000 under App. No. 1999AP990055, this court reviewed the sufficiency and manifest weight of the evidence. The opinion contains a twenty page detailed recitation of the facts and the evidence presented during the jury trial. The relevant portions of this recitation are attached as Exhibit A.